QUESTION: Is the state or the county responsible for the payment of witnesses in criminal cases before circuit and county courts?
SUMMARY: When the defendant in a criminal case before a circuit or county court is insolvent or discharged, the witness fees in such case are to be paid by the county in which the crime is committed. The law in this state has been long established that "[i]n all criminal cases prosecuted in the name of the State, when the defendant is insolvent or discharged, the legal costs and expenses . . . shall be paid by the counties where the crime is committed." Article XVI, s. 9, State Const. 1885. See also Ch. 939, F.S. This provision, adopted in an 1894 constitutional amendment, has been interpreted in previous opinions of this office (AGO's 058-313 and 067-69) to mean that witnesses called to testify before the grand jury, or before the state attorney when investigating a crime, are to be paid by the state, see ss. 40.29 and 40.34, F.S.; and witnesses who testify at trial are to be paid by the county (presumably from the Fine and Forfeiture Fund provided by ss.142.01-142.18, F.S.; see also Art. V, s. 20(c)(8), State Const., and s. 34.191, F.S.). If the defendant is convicted and solvent, the witness fees are assessed against him. Sections 939.03 and939.04, F.S. I find nothing in Revised Art. V, State Const., that would alter this rule of witness payment. Moreover, although there is no provision in the 1968 Constitution similar to Art. XVI, s. 9, State Const. 1885, there is neither an inconsistent provision. Therefore, under Art. XII, s. 10, State Const., the earlier constitutional costand-expense provision becomes a statute, and continues to make witness fees in all criminal cases chargeable to the respective counties if not assessed against the defendant. "Criminal cases" would include all cases brought in the name of the state within the criminal jurisdictions of the circuit and county courts. See Art. V, s. 20(c)(3) and (4). In addition, s. 39.19, F.S., provides that allowable witness fees are to be paid by the county in all cases relating to juveniles (now within circuit court jurisdiction under Art. V, s. 20(c)(3)).